In the Matter of JOHN PILICHOWSKI, Appellant, and IRENE PILICHOWSKI and JOSEPH PILICHOWSKI, Children under Sixteen Years of Age.— Judgment of conviction modified on the facts by reducing the term of imprisonment to the time served. In our opinion the facts shown in the record did not warrant the imposition of the maximum sentence in the exercise of sound judicial discretion. All concur.

PETER COLELLA, Respondent, v. SMITH-FREDENBURGH CORPORATION, Appellant.— Motion to amend order of reversal so as to state that the reversal is made on questions of law only, denied.

BERYL MITCHELL, Respondent, v. CHARLES REICHMAN and Another, Defendants, Impleaded with PARAGON LABORATORIES, INCORPORATED, and Another, Appellants.— Motion for a reargument denied, with ten dollars costs; motion for leave to appeal to the Court of Appeals denied.

JAMES MITCHELL, Respondent, v. CHARLES REICHMAN and Another, Defendants, Impleaded with PARAGON LABORATORIES, INCORPORATED, and Another, Appellants. — Motion for a reargument denied, with ten dollars costs; motion for leave to appeal to the Court of Appeals denied.

In the Matter of the Application of THOMAS K. GALE for a Mandamus Order against WILLIAM P. EMM, Onondaga County Auditor.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs.

In the Matter of MARC W. COMSTOCK, an Attorney and Counselor at Law.— The petition alleges misconduct by the respondent in connection with a mortgage loan. While the record before us fails to support all the allegations of the petition, there is clear proof of conduct by the respondent showing a disregard of those obligations imposed upon a member of the bar which require him frankly to disclose, to those seeking his advice upon such an investment, all information within his knowledge bearing upon the merits of the transaction. For his misconduct in the matter which this proceeding brings to our attention the respondent is censured.

In the Matter of the Application of CHARLES STAUBER, Petitioner, for a Peremptory Mandamus Order against Hon. GEORGE A. LARKIN, as Justice of the Supreme Court, State of New York, etc.— Motion denied. As we construe section 1942 of the Penal Law the words " attempts to commit felonies," as used in the first sentence thereof, include attempts which are no more than misdemeanors, while the word " felony," as used in relation to the fourth or subsequent offense, refers only to crimes (including attempts to commit a crime) which are strictly of the grade of felony as defined in section 2 of the Penal Law.